IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE

2016 MAR 29 A 10: 24

| | |
|---|---|
| William Rempfer, Sr. and Cheryl DeFalco, ) | Civil Action No. 4:15-2717-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                          ) | **ORDER** |
| ) | |
| Town of Surfside Beach, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendant's motion for summary judgment. For the reasons set forth below, the Court grants the motion in part. The Court grants summary judgment for Defendant on Plaintiffs' 42 U.S.C. §§ 1982 and 1988 claims, abstains from exercising jurisdiction over Plaintiffs' other claims, and remands this matter to the Horry County Court of Common Pleas.

I.   **Background**

The crux of this case is whether Plaintiffs are entitled to build a boat dock at their lakeside house, located in the Town of Surfside Beach ("Surfside Beach"). A quitclaim deed of February 14, 2011 conveyed ownership of, *inter alia*, Dogwood Lake to Surfside Beach. That deed contains the exception: "The Grantees, along with their successors and assigns, reserve the right to place docks as reasonably approved by the Town of Surfside Beach." Surfside Beach argues that language gives the town the right to place docks. (Def.'s Mem. Mot. Supp. Summ. J. 12–13, Mar. 2, 2016, Dkt. No. 19-1.) Plaintiffs argue that "Grantees" is an obvious scrivener's error, because a Grantor would "reserve" rights from the Grantee, not to the Grantee. (Pls.' Resp. Opp'n Summ. J. 12, Mar. 21, 2016, Dkt. No. 24.) There are several boat docks on Dogwood Lake (Compl. ¶ 11), but in 2004 or 2005, Surfside Beach decided to cease issuance of

permits for docks on Dogwood Lake (Dep. of Doug Samples Tr. 7:17–8:24, Feb. 10, 2016, Dkt. No. 19-7). Surfside Beach claims that policy was adopted in part because the lakes are designated as storm-water retention ponds. (*Id.*) The parties dispute whether Dogwood Lake is navigable. (*See* Mem. Supp. Summ. J. 12; Resp. Opp'n Summ. J. 6–10.)

Plaintiffs contracted to purchase a lot on Dogwood Lake, and to build a house on that lot, in 2011. (Dep. of William Rempfer Tr. 6:2–7:10, Jan. 28, 2016, Dkt. No. 20-2.) In August or September 2012, Plaintiff William Rempfer inquired about a building permit for a dock. (*Id.* at 15:19–16:17.) He was informed that Surfside Beach did not allow lakeside docks, but that Surfside Beach was considering an ordinance addressing lakeside docks. (*Id.*) On June 3, 2013, the Surfside Beach Planning and Zoning Commission voted to recommend that the town council adopt an ordinance allowing lakeside docks. (Planning & Zoning Comm. Meeting Minutes, Dkt. No. 20-13.) The town council considered the proposed ordinance, and proposed amendments thereto, in June and July 2013. (Town Council Meeting Minutes, Dkt. Nos. 20-14, 20-15, 20-16.) Meanwhile, following construction of their house, the lot on Dogwood Lake was conveyed to Plaintiffs on June 12, 2013. (Warranty Deed, Dkt. No. 20-22.)

On July 9, 2013, the Town Council deferred a vote on the proposed ordinance, pending information as to the effect of the ordinance on the town's liability insurance premiums. (Dkt. No. 20-16.) On July 11, 2013, Mr. Rempfer asked the town administrator why the ordinance had not been passed. (Rempfer Dep. Tr. 34:2–18.) He also had a conversation with Mayor Doug Samples about the ordinance. In that conversation, Mr. Rempfer stated, "well, if I can't have a dock, I will park a 50-foot houseboat on the side of my house." (*Id.*) The mayor then called a special town council meeting, to be held on the following day. (Samples Dep. Tr. 17:4–19:10.) At that meeting, the proposed ordinance was amended to prohibit all docks on all Surfside Beach

lakes and to classify all existing docks as existing, nonconforming uses, which could not be rebuilt or replaced. (Meeting Minutes, Dkt. No. 20-17.) That amended ordinance was adopted with immediate effect as Ordinance 13-0751. (Ordinance 13-0751, Dkt. No. 20-23.) Surfside Beach claims that this reversal was due to "the concern over a houseboat on the lake." (Mem. Supp. Summ. J. 4.) Plaintiffs allege that the reversal was an arbitrary and capricious exercise of authority, motivated by the mayor's personal animus toward Plaintiffs, and a violation of the quitclaim deed reservation regarding docks and Plaintiffs' constitutional rights. (*See generally* Compl.)

On April 15, 2015, Plaintiffs filed the present complaint in the Horry County Court of Common Pleas. They assert six causes of action: (1) violation of a restrictive covenant in the quitclaim deed, (2) violation of S.C. Code § 5-7-250, (3) violation of Plaintiff's equal protection rights under the Fourteenth Amendment, (4) violation of Plaintiff's substantive due process rights under the Fourteenth Amendment, (5) violation of Plaintiff's procedural due process rights under the Fourteenth Amendment and the South Carolina Constitution, and (6) violation of the Takings Clause. Plaintiffs allege violations of § 1983 in the fourth and fifth causes of action. Plaintiffs request a declaratory judgment declaring Ordinance 13-0751 invalid, a writ of mandamus directing Surfside Beach to issue a building permit for a lakeside dock on Plaintiffs' property, actual and consequential damages, and attorney's fees. Surfside Beach removed to this court on July 8, 2015. Now before the Court is Surfside Beach's motion for summary judgment.

## II.   Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

-3-

facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Analysis

Because South Carolina provides an adequate post-deprivation remedy for what Plaintiffs allege was a random and unauthorized act resulting in an unconstitutional deprivation of a property interest, Plaintiffs have failed to state a claim under § 1983. The Court abstains from exercising jurisdiction over Plaintiffs' remaining constitutional and state-law claims. The Court therefore does not reach the merits of Plaintiffs' constitutional and state-law claims.

#### A.   Plaintiffs' § 1983 Claims

Section 1983 provides a statutory cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. A municipality is a person amenable to suit under §

1983, but it is liable only if it causes a deprivation of federal rights through an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Municipal policy may be found in written ordinances and regulations. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Where a government official's (or officials') "random and unauthorized act, whether intentional or negligent" causes the loss of private property, the loss is not actionable under § 1983 if the state provides a meaningful post-deprivation remedy. *Yates v. Jamison*, 782 F.2d 1182, 1184 (4th Cir. 1986). But where the loss "is caused by conduct pursuant to 'established state procedure,' rather than random and unauthorized action," post-deprivation remedies do not satisfy due process. *Id.* (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982). Section 1988 allows district courts to award attorney's fees and expert witness fees to prevailing parties in § 1983 actions. 42 U.S.C. § 1988.

Plaintiffs allege that Surfside Beach adopted Ordinance 13-0751 in an arbitrary and capricious manner, which was "*random* and irrational." (Compl. ¶ 46 (emphasis added).) They allege that the adoption of Ordinance 13-0751 was an unauthorized act because the manner of its adoption violated the procedural requirements of § 2-166(b) of the Surfside Beach Code of Ordinances. (Compl. ¶ 33.) They allege that continued enforcement of the ordnance is unauthorized under state law, because it was an emergency ordinance and, under S.C. Code § 5-7-250, emergency ordinances expire 61 days after passage. (Compl. ¶ 34.) If the truth of those allegations is assumed, then the complained of conduct is a "random and unauthorized act." It is undisputed that South Carolina provides an adequate post-deprivation remedy, in the form of legal action in state court. Surfside Beach argues that state courts provide an adequate post-

deprivation remedy for Plaintiffs' claims.[1] (Mem. Supp. Summ. J. 10–11.) Plaintiffs do not respond to that argument at all—indeed, they cannot. Having filed this action in state court, not federal court, they cannot now claim that state court is an inadequate forum in which to vindicate their rights. Plaintiffs therefore fail to state a claim for a § 1983 violation.

## B.   Plaintiff's Preemption Claims

Plaintiff's § 1983 claims are not their only federal claims. Plaintiffs also seek declaratory and injunctive relief regarding a local regulation, the enforcement of which they allege would violate the Constitution. (Compl. ¶¶ 41, 46, 45, 53; Compl. Prayer for Relief.) It is well established that there is an implied right of action to enjoin enforcement of a state or local regulation that is preempted by a federal constitutional provision, though money damages and attorney's fees may not be awarded for a preemption claim. *See Hillsborough County, Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes. Also, for the purposes of the Supremacy Clause, the constitutionality of local ordinances is analyzed in the same way as that of statewide laws." (citations omitted)); *see also Loyal Tire & Auto Ctr., Inc. v. Town of Woodbury*, 445 F.3d 136, 149 (2d Cir. 2006) (noting that plaintiff's "right to bring an action seeking declaratory and injunctive relief from municipal regulation on the ground that federal law preempts that regulation is undisputed," but holding that there is no statutory right of action under § 1983 and therefore no attorney's fee award); *Qwest Commcs. Corp. v. City of Greensboro*, 440 F. Supp. 2d 480, 485 (M.D.N.C. 2006) ("the practical effect of a finding ... that Plaintiff has a private right of action under [a federal statute] that is in turn enforceable through

---

[1] The Court is struck by the irony of Defendant's argument that "Plaintiffs are attempting to inappropriately use the federal court to resolve a state claim." (Def.'s Mem. Mot. Summ. J. 11.) Plaintiffs filed suit in state court. The Defendant removed this action to federal court.

section 1983, is that Plaintiff may be able to recover attorneys fees, whereas a finding of preemption alone will not allow for recovery of attorneys fees").[2]

But the Court does not reach the merits of Plaintiffs' constitutional claims. In *Burford v. Sun Oil Co.*, the Supreme Court held that a district court may decline to exercise jurisdiction to demonstrate "proper regard for the rightful independence of state governments in carrying out their domestic policy." 319 U.S. 315, 318 (1943) (internal quotation marks and citation omitted). A federal court should abstain from exercising jurisdiction when it can avoid "interfering with a complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded." *Browning-Ferris, Inc. v. Baltimore County*, 774 F.2d 77, 79 (4th Cir. 1985). The Fourth Circuit favors *Burford* abstention in cases involving the interpretation and application of state and local land use laws. *See, e.g., Caleb Stowe Assocs., Ltd. v. County of Albemarle, Va.*, 724 F.2d 1079, 1080 (4th Cir. 1984) (holding abstention proper where "all of the plaintiffs' state and federal claims necessarily depend upon the construction of state land use law concerning the scope of authority of local planning bodies and Boards of Supervisors, the proper interpretation of state and local land use law and county zoning practices and procedure"); *Fralin & Waldron, Inc., v. City of Martinsville*, 493 F.2d 481, 482 (4th Cir. 1974) (holding that state courts should have the initial opportunity to pass upon issues related to proper scope of local administrative discretion in local land use laws).

---

[2] *Bivens* is the only context in which a damages remedy has been implied under the Constitution, and *Bivens* does not apply to the constitutional claims in this case: it applies only to Fourth, Fifth or Eighth Amendment claims. *See Carlson v. Green*, 446 U.S. 14, 32–33 (1980) (Eighth Amendment claims); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (Fifth Amendment claims); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (Fourth Amendment claims); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants.").

The court finds that *Caleb Stowe* counsels abstention in this case. Here, as in *Caleb Stowe*, the Court is being asked to determine the "proper scope" of local administrative discretion—a task better suited to state courts. *See* 493 F.2d at 482; *see also Gold Leaf Land Tr. v. Bd. of Supervisors of Albemarle Cty., Va.*, Civ. No. 3:01-47, 2002 WL 982375, at *5 (W.D. Va. May 14, 2002). State courts are better suited to decide whether municipal ordinance making complied with applicable state and local rules. State courts are better suited to construe use restrictions in deeds conveying real property. Further, were Plaintiffs to prevail, state courts would be far better suited to provide injunctive relief regarding local zoning ordinances and mandamus relief regarding local building permits.

In this case, the nature of the issues raised and the nature of the remedies sought strongly counsel this Court to abstain in favor of state court adjudication. Furthermore, Surfside Beach is a municipality located in Horry County and Plaintiffs are Horry County residents. The Court sees no prejudice to the parties in remanding this case to the Horry County Court of Common Pleas.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion for summary judgment (Dkt. No. 19). The Court **ORDERS** that summary judgment be entered for Defendants on Plaintiffs' 42 U.S.C. § 1983 claims. The Court **ABSTAINS** from exercising jurisdiction over all other claims, and **REMANDS** this matter to the Horry County Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

-9-

March 27, 2016
Charleston, South Carolina

-9-